FILED & JUDGMENT ENTERED
Steven T. Salata

Jul 01 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **DIANNE CARTER EL-BEY,** | ) | Chapter 13 |
| | ) | Case No. 14-30410 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **DIANNE CARTER EL-BEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 14-3093 |
| | ) | |
| **SYCAMORE GROVE HOA, INC.,** | ) | |
| **MICHAEL S. HUNTER,** | ) | |
| **MATTHEWS PLANTATION HOA,** | ) | |
| **CHARLES E. LYONS,** | ) | |
| **NEAL MILLER,** | ) | |
| **HAWTHORNE MANAGEMENT COMPANY,** | ) | |
| **NEAL DIXON,** | ) | |
| **LISA WESTMORELAND,** | ) | |
| **R. KEITH JOHNSON,** | ) | |
| **UNION COUNTY COURT CLERK,** | ) | |
| **ERIC D. LEVINE,** | ) | |
| **DONNA HOLMES,** | ) | |
| **REITA D. SMOLKA,** | ) | |
| **MECKLENBURG COUNTY COURT CLERK,** | ) | |
| **NC DEPARTMENT OF REVENUE,** | ) | |
| **INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

**THIS MATTER** is before the court on the motion to dismiss filed by Defendant R. Keith Johnson ("Johnson") on May 23, 2014 and the joint motion to dismiss filed by Defendants Sycamore Grove HOA, Inc. ("Sycamore") and Michael S. Hunter ("Hunter") on June 2, 2014.  The pro se Plaintiff filed responses to each motion, and the court held a hearing on the motions on June 24, 2014.  The Plaintiff, Johnson, and an attorney representing Sycamore and Hunter appeared at the hearing.  After hearing the argument of all of the parties who appeared, the court dismissed the Plaintiff's complaint in its entirety as to all Defendants with prejudice on the court's motion.

The Plaintiff filed her complaint on May 1, 2014 and amended it on May 20, 2014.  The complaint, as amended, is three pages in length and seeks damages for violations of the Fair Debt Collection Practices Act ("FDCPA") "and other laws of the United States."  The Plaintiff asserts that some of the non-individual Defendants are "artificial imaginary principals with no natural rights and no capacity to sue" and Defendants Hunter, Charles E. Lyons ("Lyons"), and Eric D. Levine ("Levine") are "Foreign Agents."  The factual allegations in the complaint are that "Some Defendants have filed or threatened to file to foreclose on property," "Defendants have failed or refused to comply with the requirements of the Federal Trade Commission's

2

Fair Debt Collection Practices Act," "there is no contract to memorialize the transactions[1] that would support the alleged debt,"[2] that Defendants Neal Dixon and Lisa Westmoreland failed to acknowledge that the "property"[3] is tax exempt pursuant to statute and the First Amendment, the Defendants "betrayed the public trust under the color of state law," and the Defendants refused to "provide proof that they are the principal or provide the name and address of the physical human being they purport to represent."

The complaint contains one cause of action: "Violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692, Willful Non-Compliance by Defendants."  The complaint asserts that the Plaintiff is a consumer, three of the Defendants (Hunter, Lyons, and Levine) are debt collectors, and all of the Defendants violated the FDCPA.  The complaint does not provide any factual details about the alleged violations of the FDCPA; instead, the complaint restates three of the prohibitions contained in the FDCPA.[4]

---

[1] The complaint does not contain any additional details about the "transactions" to which it refers.
[2] The complaint does not contain any additional details about the "alleged debt" to which it refers.
[3] The complaint does not contain any additional details about the "property" to which it refers.
[4] I.e., instead of telling the court factual details such as when the alleged violations occurred and what the Defendants did that violated the statute, the complaint says the Defendants violated the FDCPA "by falsely representing the character, amount, or legal status of any debt."  See 15 U.S.C. § 1692e(2)(A) ("[T]he following conduct is a violation of this section: (2) The false representation of-- (A) the character, amount, or legal status of any debt.").

3

At the June 24 hearing, the attorney for Sycamore and Hunter argued that her clients never attempted to collect a debt from the Plaintiff[5] and the Plaintiff therefore did not have standing to sue her clients.  Johnson argued that his alleged liability involved his service as a Chapter 7 trustee in a different bankruptcy case in this district and noted that bankruptcy trustees have qualified immunity.  The Plaintiff asked the court to construe her pleadings liberally since she is a pro se litigant, argued that the laws of North Carolina do not apply to her because of the reference to the Constitution of the United States in the North Carolina State Constitution, said the Defendants were attempting to deprive her of her rights under color of state law, and attempted to discuss the facts of the previous bankruptcy case that generated her conflict with Johnson.  After listening to the parties, the court dismissed the entire complaint as to all of the Defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").[6]

A Rule 12(b)(6) motion disputes the legal sufficiency of a complaint under the assumption that the facts alleged in the complaint are true.  <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citing <u>Jordan v. Alternative Res. Corp.</u>, 458

---

[5] The Plaintiff claims to be the trustee of the Moorish Holy Temple of Science/Moorish Science Temple of America, and the trust is apparently the owner of the real property that led to the parties' dispute.

[6] Fed. R. Bankr. P. 7012(b) makes Fed. R. Civ. P. 12(b) applicable to adversary proceedings in bankruptcy courts.

4

F.3d 332, 338 (4th Cir. 2006); E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)).  To prevent dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "While [the court] must take the facts in the light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts," E. Shore Mkts., 213 F.3d at 180 (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991)), and the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," id. (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990 & 1998 Supp.).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A court must use its judicial experience and common sense to determine whether a plaintiff has "shown" entitlement

5

to relief under FED. R. CIV. P. 8(a)(2)[7] or only alleged "the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

The court has no trouble concluding that the Plaintiff's complaint falls short of these standards. Despite leveling claims (or a claim) against 16 different Defendants, the complaint is very brief and includes almost no factual allegations. Instead of detailing what the Defendants allegedly did to harm the Plaintiff, the Plaintiff fills the 3 pages of her complaint with nonsensical statements about "artificial imaginary principals with no natural rights and no capacity to sue" and vague accusations that the Defendants "betrayed the public trust under the color of state law" and "failed or refused to provide proof that they are the principal or provide the name and address of the physical human being they purport to represent." The only cause of action included in the complaint is an alleged violation of the FDCPA. Although the FDCPA proscribes the behavior of "debt collectors," a defined term, the complaint only alleges that three of the Defendants are debt collectors and does not provide any basis to so conclude. The complaint also does not include any facts about how the Defendants violated the FDCPA and instead formulaically recites several sub-sections of the FDCPA. In short, the complaint fails to state a claim because it does not tell the court what

---

[7] FED. R. BANKR. P. 7008 makes FED. R. CIV. P. 8 applicable to adversary proceedings in bankruptcy courts.

6

the Defendants did that the Plaintiff thinks violated the FDCPA. Just as a complaint alleging contract liability must provide more facts beyond a general assertion that a defendant breached a contract, a complaint alleging liability under the FDCPA must do more than simply state that a defendant violated the FDCPA.

One of the few cogent arguments in the Plaintiff's pleadings and oral argument is the principle that the pleadings of pro se litigants should be construed more liberally than the pleadings of attorneys. While this principle is correct, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting Estelle v. Gamble, 429 U.S. 97, 104—05 (1976))), it is not without its limits. The Fourth Circuit does not "read Erickson to undermine Twombly's requirement that a pleading contain 'more than labels and conclusions,'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681—82 (D.C. Cir. 2009) (quoting Iqbal, 556 U.S. at 678, 679). In this case, the court is not dismissing the Plaintiff's complaint for being inartfully pled; instead, the complaint is dismissed because it lacks any

7

facts to support its cause of action. Even a pro se litigant must allege sufficient facts to show the court a plausible claim. Ubriaco v. Martino (In re Martino), 429 B.R. 66, 71 (Bankr. E.D.N.Y. 2010) ("An incomprehensible [pro se] complaint that neglects to specify any claims and/or supporting facts is inexcusable." (citing Cintron-Luna v. Roman-Bultron, 668 F.Supp.2d 315, 318 (D.P.R. 2009))). Here, the court is aware that the Plaintiff alleges a violation of the FDCPA but does not know any of the details of the alleged violation. The complete lack of facts in the complaint prevents it from providing fair notice of the Plaintiff's allegations. See id.

Finally, the court warns the Plaintiff to proceed with caution when filing pleadings in this court. While the court allows some deviation from traditional pleading standards for pro se litigants, the restrictions of FED. R. BANKR. P. 9011 ("Rule 9011") apply to unrepresented as well as represented parties. Upadhyay v. Burse (In re Burse), 120 B.R. 833, 837 (Bankr. E.D. Va. 1990).

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney *or unrepresented party* is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,—
> (1) it is not being presented for any improper purpose, such as to harass or to

8

>       cause unnecessary delay or needless increase in the cost of litigation;
>       (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>       (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>       (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. BANKR. P. 9011(b) (emphasis added). Violations of Rule 9011 can be punished by monetary and nonmonetary sanctions. FED. R. BANKR. P. 9011(c)(2).

Litigants in this court, whether they are represented by an attorney or not, must make sure that the contentions in their pleadings are supported by existing law or a good faith argument in favor of changing the law. The Plaintiff does not have the right to recklessly file meritless pleadings with impunity, especially when her actions cause others to incur significant expenses. See Upadhyay, 120 B.R. at 837 ("The pro se litigant is under the duty to ascertain what legal means are available to him *before* he acts. He may not learn the law literally by trial and error at the expense of other parties."). The complaint in this adversary proceeding required 16 different Defendants, including several homeowner's associations, attorneys, clerks of

9

state courts, a bankruptcy trustee, and the state and federal tax authorities, to expend time and resources defending against vague and nonsensical allegations. If the Plaintiff insists on filing unfounded pleadings in the future, she will likely find herself subject to sanctions pursuant to Rule 9011.

The Plaintiff filed a complaint that does not contain any factual description of what the 16 Defendants allegedly did wrong. Instead of explaining the facts of the situation, the Plaintiff focuses on ridiculous legal arguments, including describing some of the Defendants as "artificial imaginary principals" and her extreme approach to federalism that results in the invalidity of the entirety of the laws and judicial orders of North Carolina. Accordingly, the court hereby **DISMISSES** the Plaintiff's complaint **WITH PREJUDICE.** The court also warns the Plaintiff that additional meritless pleadings will be met with sanctions pursuant to Rule 9011.

**SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court